MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@HankinPatentLaw.com
ANOOJ PATEL (SBN: 300297)
E-Mail: Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
11414 Thurston Cir.
Los Angeles, CA 90049
Telephone: (310) 979-3600

Attorneys for PLAINTIFF,
**THE QUEEN'S CHAMBER LLC**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| The Queen's Chamber LLC,<br><br>Plaintiff,<br><br>v.<br><br>DEVI BROWN, HACHETTE BOOK GROUP, INC., AND DOES 1-5,<br><br>Defendants. | Case No. 8:26-cv-3491<br><br>**VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AND UNFAIR COMPETITION;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff The Queen's Chamber LLC dba Nü CHI: Ancient Secrets Modern Science ("Nü CHI" or "Plaintiff"), by its attorneys, and for its Complaint against Defendants Devi Brown ("Brown"), Hachette Book Group, Inc. ("Hachette"), and Does 1-5 ("Doe Defendants") (collectively "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for Copyright Infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq. This Court has subject matter jurisdiction over the Copyright Infringement under 17 U.S.C. § 501(a).

2. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(a) in that the claims arise in this judicial district, Defendants are believed to be residents in this judicial district, and the injury Campbell suffered took place in this judicial district.

## PARTIES

3. The Queen's Chamber LLC is a California limited liability company, with a principal address at E St. #200, Newport Beach, CA 92660.

4. On information and belief, Brown is a California resident, with her permanent place of business in Los Angeles.

5. Hachette is a California corporation with a principal address at 20308 Estuary Lane, Newport Beach, CA 92660.

6. Nü CHI is unaware of the true names and capacities of Defendants sued herein as DOES 1-5, inclusive, and therefore sues these Defendants by such fictitious names. Campbell will amend this complaint to allege their true names and capacities when ascertained. Campbell is informed and believes and thereon alleges that each of the fictitiously named Doe Defendants is responsible in some manner for the wrongs alleged herein, that Campbell's injuries were proximately caused by such Doe Defendants, and that at all relevant times each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment. The fictitiously named Doe Defendants are referred to collectively herein as "Doe Defendants."

## STATEMENT OF RELEVANT FACTS

7. Sheila M. Campbell ("Campbell") is the owner and CEO of Nü CHI.

8. Campbell is a Doctor of Acupuncture and Chinese Medicine.

9. Campbell works to guide individuals on a holistic journey towards self-discovery and personal growth.

10. In support of individual wellness, Campbell provides wellness seminars and retreats in support thereof.

11. In 2020, Campbell hosted a retreat during which Campbell and Brown became acquainted, and Campbell took on a mentorship role vis-à-vis Brown.

12. Campbell, as part of providing her wellness retreats, generated a series of courses, curriculum, study modules, and other written materials that were not

generally available to the public. These materials were referred to by Campbell as the "Mystic Study Curriculum and Study Modules".

13. Nü CHI owns Copyright Registration Nos. TXu2-500-580, Txu2-499-002, and TXu2-498-901, which cover the Mystic Study Curriculum and Study Modules ("the Copyrighted Materials"). True and correct copies of Copyright Registration Nos. TXu2-500-580, Txu2-499-002, and TXu2-498-901 are attached hereto as Exhibits A, B, and C.

14. In 2020, Brown requested access to the Copyrighted Materials.

15. Campbell believed, at that time, that Brown was requesting the Copyrighted Materials in order to further Brown's own journey of personal growth.

16. Campbell provided to Brown the Copyrighted Materials under the condition of strict confidentiality.

17. In May 2023, Brown encouraged Campbell to hire Samantha Timmons ("Timmons"), Brown's own Director of Operations, to assist Campbell with her curriculum.

18. Timmons worked for Brown from May 3, 2023 through August 31, 2023, billing a total of 30 hours.

19. Timmons signed a Non-Disclosure Agreement with Campbell, to safeguard Campbell's Copyrighted Materials.

20. Timmons's work with Campbell included access to the Copyrighted Materials, and unpublished materials, including materials that Campbell referred to as "Sexual Healing", to which Brown did not previously have access.

21. Upon information and belief, Brown recommended Timmons in order to allow Timmons to surreptitiously provide the Copyrighted Materials, or information relating thereto, directly to Brown.

22. In her employment by Campbell, Timmons had access to all of Campbell's proprietary materials, including the Copyrighted Materials and

individual curriculum, such as Sexual Healing, Cord Cutting, Space Cleansing, and Sacred Sexuality.

23. Upon information and belief, Brown received portions of the Copyrighted Materials and information relating thereto from Timmons.

24. In or about fall of 2023, Brown discouraged Campbell from engaging in public speaking opportunities or engaging in other actions that would have associated Campbell with the Copyrighted Materials in the public.

25. Upon information and belief, Brown discouraged Campbell in order to minimize Campbell's publicity so that Brown could claim the Copyrighted Materials as Brown's own.

26. Then, on April 22, 2025, Brown wrote and released a book titled "Living in Wisdom" ("the Brown Book") that includes the tagline "a path to embodying your authentic self, embracing grief, and developing self-mastery".

27. Hachette is the publisher of the Brown Book.

28. The Brown Book, without attribution, has copied portions of the Copyrighted Materials, including the structural framework, emotional arc, module sequence, and in many cases, the exact phrasing and themes of portions of the Copyrighted Materials.

29. Although there are differences between the Brown Book and the Copyrighted Materials, it is clear that the Brown Book copied numerous portions of the protectible elements of the Copyrighted Materials directly.

30. Accordingly, the Brown Book is, at least in part, a Derivative Work of the Copyrighted Materials.

31. There are numerous instances of direct copying from the Copyrighted Materials present in the Brown Book. A true and correct copy of a series of comparisons between the Copyrighted Materials and the Brown Book are attached hereto as Exhibit D.

32. Furthermore, Brown, as written in the Brown Book, makes various

statements regarding her personal journey that are false and have been blatantly stolen from Campbell's own personal journey.

33. For example, the Brown Book states that Brown did not take any classes or learn from teachers, and that Brown allegedly turned to her own wisdom to create materials, which is demonstrably false and misleading.

34. Accordingly, Brown has attempted to, and to some degree, succeeded in misleading individuals into believing that Campbell's own remarkable journey of self-realization belongs to Brown herself.

35. After the release of the Brown Book, Brown used Campbell's stolen story and inspiration to promote Brown across various media outlets, influential individuals, and retreats, including Deepak Chopra, Maria Shriver, Airbnb, JPMorgan Chase, Cannes Film Festival, 4B Advisory Board, Martha's Vineyard, Omega Institute, Nespresso, Balance, Omega Institute, iHeart Radio, Target, Sunday Paper, and Walmart.

36. On September 8, 2026, Defendant attended a Wear Figs event and posted a photograph of her altar, which included a copy of the book *The Way of Mastery*, which is primary foundational source text for the Copyrighted Materials, and Campbell introduced the book *The Way of Mastery* to Brown.

37. Furthermore, as a direct result of Brown's theft of Campbell's personal story, Campbell has been deprived of various speaking and appearance opportunities that rightfully belong to Campbell and not to Brown.

38. Thus, Defendants' past, current, and future sales of the Brown Book constituted, constitutes, and will continue to constitute, Copyright Infringement, and subject Defendants to monetary damages, as well as susceptibility to a Preliminary and Permanent Injunction.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

(COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. § 501)

39. Plaintiff incorporates by reference paragraphs 1 through 38 of this complaint as though fully set forth herein.

40. At all relevant times, Plaintiff owned the Copyrights in the Copyrighted Materials.

41. None of the Defendants ever had any ownership interest in the Copyrights in the Copyrighted Materials.

42. Attached hereto as Exhibit A are the Copyright Registration Certificates for the Copyrighted Materials. These Copyright Registration Certificates are *prima facie* evidence of the validity of the Copyrights in the Copyrighted Materials and the facts stated in the Copyright Registration Certificates.

43. Defendants infringed Plaintiff's exclusive right to reproduce, make copies, distribute, or create derivative works by writing, publishing, and/or selling the Brown Book without Plaintiff's permission.

44. Defendants knew or should have known that their acts constituted Copyright Infringement.

45. Defendants' infringing conduct was willful within the meaning of the Copyright Act of 1976.

46. As a result of Defendants' infringement of the Copyrights, Plaintiff is is entitled to: (a) a declaration, pursuant to 28 U.S.C. § 2201, that Defendants have infringed the Copyrighted Materials; (b) entry of a preliminary and permanent injunction, pursuant to 17 U.S.C. § 502, enjoining Defendants and all persons in active concert or participation with Defendants from directly or indirectly infringing the Copyrights; (c) an order of impoundment, pursuant to 17 U.S.C. § 503(a)(1)(A), impounding all devices containing copies of the copyrighted material in Defendants' possession, custody, control, or within its distribution channels; (d) an award of actual damages and profits under 17 U.S.C. §504(b); (e) an award of statutory damages for willful infringement under 17 U.S.C. §504(c); and (f) an

award of costs, prejudgment interest, and attorneys' fees, pursuant to 17 U.S.C. §505.

**SECOND CLAIM FOR RELIEF**

(Common Law Unfair Competition)

47. Plaintiff incorporates by reference paragraphs 1 through 46 of this complaint as though fully set forth herein.

48. Defendants' use of the Copyrighted Materials without Plaintiff's consent constitutes unfair competition under common law.

49. Plaintiff has suffered irreparable harm as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to a Preliminary and Permanent Injunction restraining Defendants, their agents, employees, representatives, and all other persons acting in concert with them from engaging in further such unlawful acts.

**THIRD CLAIM FOR RELIEF**

(Unfair Competition – Pursuant to Cal. Bus. & Prof. Code § 17200, et seq.)

50. Plaintiff incorporates by reference paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. Defendants' conduct as stated herein constitutes unfair methods of competition and/or unfair, unlawful, fraudulent and/or deceptive business acts or practices in the conduct of any trade or commerce in violations of California Business and Professions Code § 17200.

52. Defendants' conduct, in violation of California Business and Professions Code § 17200, *et seq.*, has caused public confusion, deception, mistake, and infringes Plaintiff's rights, including its Copyrighted Materials and goodwill associated with Campbell's personal journey.

53. Plaintiff has suffered irreparable harm as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus

entitled to a Preliminary and Permanent Injunction restraining Defendants, their agents, employees, representatives, and all other persons acting in concert with them from engaging in further such unlawful acts.

54. Plaintiff is entitled to restitution in the amount of all of Defendants' profits earned in connection with the activities.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against all Defendants as follows:

Entry of a Judgment that includes:

a. a Preliminary and Permanent Injunction, enjoining Defendants and all persons in active concert or participation with Defendants from directly or indirectly infringing the Copyrights for the Copyrighted Materials;

b. an order of destruction, destroying all copies of the Brown Book containing copies of the Copyrighted Materials within Defendants' possession, custody, control, or within their distribution channels;

c. an award of actual damages and profits;

d. an award of statutory damages for willful infringement;

e. an award of attorneys' fees;

f. prejudgment interest and postjudgment interest;

g. taxable costs of the suit; and

h. any and all additional relief the Court may deem just and proper.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated: November 24, 2026

By: /Marc E. Hankin/

Marc E. Hankin, Esq.
Attorneys for Plaintiff,
**The Queen's Chamber LLC**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable in this action.

**HANKIN PATENT LAW, APC**

Dated: November 24, 2026

By: /Marc E. Hankin/

Marc E. Hankin, Esq.
Attorneys for Plaintiff,
**The Queen's Chamber LLC**

# VERIFICATION

I, Sheila M. Campbell, verify, subject to the penalties of perjury of the State of California and the United States of America, that all of the allegations set forth in Plaintiff's foregoing **VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501) AND UNFAIR COMPETION** are true and correct based on a reasonable inquiry and to the best of my personal knowledge and belief.

Executed in Carbondale, Colorado.

November 24, 2026

Sheila M. Campbell
CEO of Plaintiff